IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |
|---|---|
| LANE TOENSMEIER,<br>an individual,<br><br>        Plaintiff,<br><br>      v.<br><br>AMALGAMATED TRANSIT UNION,<br>DIVISION 757, a labor organization,<br>et al.,<br><br>        Defendants. | No. 3:15-CV-01998-HZ<br><br>OPINION & ORDER |

Scott N. Hunt
Kirsten Rush
Busse & Hunt
621 SW Morrison Street, Suite 521
Portland, OR 97205

      Attorneys for Plaintiff

1 – OPINION & ORDER

Gene Mechanic
Whitney Stark
Mechanic Law Firm
6420 SW Macadam Avenue, Suite 208
Portland, OR 97239

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

      Plaintiff Lane Toensmeier filed a complaint against Defendants for defamation, false light invasion of privacy, and breach of contract, in the Multnomah County Circuit Court. Defendant Amalgamated Transit Union, Division 757 ("ATU 757") removed the case to this Court on the basis of federal question jurisdiction, asserting that Plaintiff's state law claims are completely preempted by the Labor Management Reporting and Disclosure Act ("LMRDA" or "Act"). Plaintiff now moves to remand back to state court and requests attorney fees for improper removal. Plaintiff's motion to remand is granted because Defendants failed to show that the Act completely preempted Plaintiff's state law claims. However, Plaintiff's request for attorney fees is denied.

## BACKGROUND

      Plaintiff is a resident and citizen of Oregon who began working at ATU 757 as general counsel in January, 2015. Compl. ¶¶ 1, 3, ECF No. 1-1. Bruce Hansen was president of ATU 757 at the time and signed Plaintiff's employment contract. Notice of Removal ¶ 10, ECF No. 1. Defendant Shirley Block challenged Hansen during the 2015 election for union president, and ran a hard-fought campaign. Her running partners were the incumbent vice president Jonathan Hunt and treasurer Mary Longoria (both are named Defendants). Id. at ¶¶ 11, 12. During the election campaign, Block filed an unfair labor practice complaint against then president Hansen. Plaintiff represented Hansen and ATU 757 in this matter. Id. at ¶ 13. Plaintiff alleges that

shortly before the election Block, Hunt, and Longoria published and distributed defamatory statements about his conduct as an attorney. Compl. ¶¶ 4, 9. Union members elected Block president in June. Notice of Removal ¶ 11. When she took office, Block placed Plaintiff on administrative leave, and shortly thereafter, he was notified that his position was to be eliminated. He received a two-week notice and the required severance package. Id. at ¶¶ 15, 16. Plaintiff contends that the elimination of the general counsel position was a breach of his employment contract. Compl., ¶ 15.

Plaintiff filed suit in the Multnomah County Circuit Court, alleging defamation, false light invasion of privacy, and breach of contract. Compl. ¶¶ 5, 9, 15. Defendants removed the case here, asserting that this Court had jurisdiction over Plaintiff's state law claims under the complete preemption doctrine. Notice of Removal ¶ 1. Plaintiff then moved to remand the case back to state court because, Plaintiff argues, the LMRDA does not completely preempt his state law claims, and therefore this Court does not have jurisdiction. Pl. Mot. to Remand 2, ECF No. 10.

STANDARDS

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) ("Any civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed"). Furthermore, "[a]ny civil action of which the district courts have [federal question jurisdiction] shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). The party

seeking removal has the burden to establish that removal is proper, and the burden of establishing federal jurisdiction is on the removing party. Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006). The removal statute is strictly construed against removal jurisdiction. Id.; Hunter, 582 F.3d at 1042.

Remand is governed by 28 U.S.C. § 1447(c), which provides in pertinent part that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." The statute further provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id.

Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Id. However, "[a]bsent unusual circumstances, courts may award attorney fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Removal is not objectively unreasonable solely because the removing parties' arguments lack merit and the removal is ultimately unsuccessful. Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008); see also Patel v. Del Taco, Inc., 446 F.3d 996, 999–1000 (9th Cir. 2006) (suggesting that a frivolous basis for removal justifies an award of attorney fees).

///

///

///

4 – OPINION & ORDER

DISCUSSION

    A.    Complete Preemption

Plaintiff moves to remand the case to state court, arguing that this Court lacks jurisdiction over his state law claims for defamation, false light invasion of privacy, and breach of contract. Defendants oppose the motion, asserting that the LMRDA completely preempts Plaintiff's state law causes of action. If this were so, this Court would have jurisdiction because a federal law which completely preempts state law supplants state law claims and confers original jurisdiction over those claims to a federal district court. See, e.g., Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 23–24 (1983).

In general, a case is not removable, absent diversity jurisdiction, unless the complaint affirmatively alleges a federal claim. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003). The court generally ignores possible defenses, including preemption, in determining whether it has removal jurisdiction, but there are two exceptions to this rule. Id. First, Congress can expressly provide for the removal of actions brought in state court that assert state law claims. Id. at 8; see, e.g., 42 U.S.C. § 2014(hh). Second, there are a few instances where the preemptive force of a federal statute is "so powerful as to displace entirely any state cause of action[.]" Beneficial Nat'l Bank, 539 U.S. at 7 (quotation omitted) (providing § 301 of the Labor Management Relations Act as an example). In such a case, "a federal cause of action completely preempts a state cause of action [and] any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." Franchise Tax Bd., 463 U.S. at 23–24.

Here, Defendants argue that the LMRDA completely preempts all of Plaintiff's state law claims. The Act contains no express removal provision, so the question is whether the preemptive force of the LMRDA is "so powerful as to displace entirely any state law cause of

action[.]" Beneficial Nat'l Bank, 539 U.S. at 7 (quotation omitted).  A review of the statute and relevant case law indicates that the LMRDA does not completely preempt Plaintiff's state law claims, and therefore, this case is remanded.

Labor statutes are largely silent as to which aspects of state law Congress meant them to preempt.  Bloom v. Truck Drivers, Office, Food, and Warehouse Union, 783 F.2d 1356, 1360 (9th Cir. 1986) (citing Olguin v. Inspiration Consolidated Copper Co., 740 F.2d 1468, 1473 (9th Cir. 1984)).  Therefore, courts examining the preemptive effect of labor statutes like the LMRDA must rely upon "legislative history and judicial conceptions of what federal labor policy requires."  Id.  In other words, to establish that the LMRDA completely preempts Plaintiff's state law claims, Defendants must "show that Congress intended this portion of the LMRDA 'to provide the exclusive cause of action for the claims at issue.'"  Sowell v. Int'l Bhd. of Teamsters, No. H-09-1739, 2009 WL 4255556, at *4 (S.D. Texas Nov. 24, 2009) (citing Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 553 (5th Cir. 2008)).

Defendants offer no argument based on the statutory language or Congressional intent.  Instead, they rely on Finnegan v. Leu and a Sixth Circuit case, neither of which establishes that the LMRDA completely preempts state law claims.  In Finnegan, the Supreme Court held that an incoming union president's termination of incumbent administrators did not violate the Act.  456 U.S. 431, 439–442 (1982).  The Court reasoned that "the ability of an elected union president to select his own administrators is an integral part of ensuring a union administration's responsiveness to the mandate of the union election."  Id.  Here, Defendants contend that the termination of Plaintiff's general counsel position upon election of a new president was lawful.  Under Finnegan, that may be true, but that is not the question presented by Defendants' removal and Plaintiff's motion to remand.  The question is whether the LMRDA completely preempts all

6 – OPINION & ORDER

of Plaintiff's state law claims, such that this Court has federal question jurisdiction over Plaintiff's case. Finnegan does not address that question, and thus, it does not control.

In a Sixth Circuit case, the plaintiff won an election for union president. Thereafter, his opponents successfully pushed to dissolve his region. He brought state law claims of age discrimination, conspiracy to discriminate on the basis of age, wrongful discharge, retaliation, libel, and slander. Davis v. Int'l Union, United Auto., Aerospace & Agricultural Implement Workers of America (UAW), 392 F.3d 834, 836 (6th Cir. 2005). While the plaintiff brought no claims directly under the LMRDA, the court held that the Act completely preempted these state law claims because they were brought in an attempt to receive post-election relief and to challenge union election results, which are strictly federal questions governed by the LMRDA. Id. at 839–840.

Davis does not apply here because Plaintiff does not request post-election relief or challenge the results of a union election. He brings state claims for relief under Oregon law, not under the LMRDA. Plaintiff's case is very similar to district court cases where the courts found the LMRDA did not completely preempt state law claims. For instance, in Gerow v. Kleinerman, the plaintiff was an incumbent union president running for re-election. The defendants circulated an allegedly tortious campaign leaflet, and the plaintiff filed a three count state claim against them for defamation, invasion of privacy, and conspiracy to defame. No. 01-cv-138, 2002 WL 1625417, at *1 (D.N.J. July 2, 2002). Defendants removed to federal court on the basis of complete preemption, and plaintiff opposed the motion because he had filed only state law claims. Id. The court held that the LMRDA did not completely preempt plaintiff's state law claims because he did not seek relief under the Act, such as a review of the results of

7 – OPINION & ORDER

the union election or post-election relief. Rather, he alleged state law violations and sought relief under state law. Id. at *5.

In another case, the plaintiff brought state law claims for breach of contract, tortious interference with contract, defamation, and libel, after he was removed from his position as local president by the president of the International Brotherhood of Teamsters. Sowell, 2009 WL 4255556, at *1. Defendants removed the case to federal court on the basis of complete preemption. Id. at *2. The court granted the plaintiff's motion to remand because he did not seek post-election relief under the Act. Instead, he sought relief on four state law claims. The Sowell court found the LMRDA did not completely preempt the plaintiff's state law claims because, in part, his claims did not require the court to interpret the union's constitution. Thus, the court lacked jurisdiction over the plaintiff's purely state law causes of action. Id. at *8.

In Hahn v. Rausch, the court remanded the plaintiff's case for very similar reasons. 602 F. Supp. 2d 895, 911 (N.D. Ohio 2008). The plaintiff brought state law claims for slander, libel, and tortious interference with a business relationship. The court, noting the limited scope of the complete preemption doctrine, and indicating that hearing the plaintiff's claims would not require interpreting the union's constitution, remanded the case. Id.

Similarly, here, Plaintiff was removed from his position as general counsel for the local union. As a result, he brought defamation, false light invasion of privacy, and breach of contract claims in state court. Defendants removed to this Court, asserting that the LMRDA completely preempts Plaintiff's state causes of action. Like the plaintiffs in Gerow, Sowell, and Hahn, Plaintiff seeks relief under state law, not under the LMRDA. And, like the courts in these three cases, this Court declines to apply the limited doctrine of complete preemption to the LMRDA.

///

Finally, the Supreme Court has never held that the LMRDA completely preempts state law claims. Hahn, 602 F. Supp. 2d at 910. This is not surprising because the Court has found only a select handful of federal statutes have a complete preemptive effect. Sowell, 2009 WL 4255556, at *4 (citation omitted). See also Dennis v. Hart, 724 F.3d 1249, 1254 (9th Cir. 2013) (describing the complete preemption doctrine as "limited" and noting its narrow scope).

In sum, Defendants have not shown that Congress intended the LMRDA to be "so powerful as to displace entirely any state cause of action[.]" Beneficial Nat'l Bank, 539 U.S. at 7. Defendants offer no argument based on the text of the statute or Congressional intent, instead citing two cases that do not control the present case. The Court agrees with other district courts that have refused to find the LMRDA completely preempts state law claims in cases very similar to this one. Therefore, the Court remands Plaintiff's case to state court.

B.   Attorney Fees

Plaintiff requests attorney fees because he contends that removal was improper. The relevant statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). When there is an objectively reasonable basis for removal, a request for attorney fees should be denied. Martin, 546 U.S. at 141. Removal is not objectively unreasonable simply because removal was ultimately unsuccessful. Lussier, 518 F.3d at 1065. The court should decide "whether the relevant case law clearly foreclosed the defendant's basis of removal" by examining the "clarity of the law at the time of removal." Id. at 1066.

The preemptive effect of federal labor statutes is a complex and challenging area of law. See, e.g., Bloom, 783 F.2d at 1360 (pointing out that Congress was frequently silent on what labor statutes were meant to preempt). Difficult law presents a situation that militates against

9 – OPINION & ORDER

granting attorney fees to Plaintiff.  There is no indication that Defendants' removal of this case to the District Court was objectively unreasonable or frivolous.  Thus, Plaintiff's request for attorney fees is denied.

## CONCLUSION

Plaintiff's motion to remand [10] is granted, and this case is remanded to the Multnomah County Circuit Court to consider the merits of Plaintiff's claims.

IT IS SO ORDERED.

Dated this \_\_8\_\_ day of March, 2016.

/s/ Marco Hernández
MARCO A. HERNÁNDEZ
United States District Judge